{¶ 17} I concur in the judgment, but write separately in order to apply the two-step analysis set forth recently in State v. Kalish,2008-Ohio-4912, by the Supreme Court of Ohio.
 {¶ 18} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that the trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 19} The full discretion given to the trial court in Foster
seemingly conflicts with the clear and convincing standard referenced in R.C. 2953.08(G)(2), which governs appellate review in sentencing matters. As a result, there was confusion among the appellate districts as to the proper standard of review post-Foster. "Since Foster, the courts of appeals have adopted varied standards for reviewing trial court sentencing decisions, ranging from abuse of discretion, as in the instant case, to a standard that considers whether the sentence is clearly contrary to law." Kalish at ¶ 3.
 {¶ 20} In Kalish, the court clarified the confusion and announced the proper standard of review for felony sentencing after Foster. It held:
 {¶ 21} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the *Page 7 
trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶ 3.
 {¶ 22} The first prong of the analysis instructs that, "the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. at ¶ 14.
 {¶ 23} The court explained that the applicable statutes to be applied by a trial court include the felony sentencing statutes R.C. 2929.11 and R.C. 2929.12, because, unlike R.C. 2929.14, they are not fact-finding statutes. Id. at ¶ 17. Therefore, as part of its analysis of whether the sentence is "clearly and convincingly contrary to law," an appellate court must ensure that the trial court considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12.
 {¶ 24} Applying the first prong of the analysis to the underlying case, the court in Kalish concluded that the trial court's sentence was not "clearly and convincingly contrary to law," because (1) the trial court "expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12," (2) it properly applied postrelease control, and (3) the sentence was within the permissible range. Id. at ¶ 18.
 {¶ 25} If the first prong is satisfied, that is, the sentence is not "clearly and convincingly contrary to law," the appellate court must then engage in the second prong of the analysis, which requires an appellate court to determine whether the trial court abused its discretion in selecting a sentence within the permissible statutory range. Id. at ¶ 17. The court explained the effect of R.C. 2929.11 and2929.12 in this regard: *Page 8 
 {¶ 26} "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes like R.C. 2929.14. Instead, they serve as an overarching guide for trial judge to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion." Kalish at ¶ 17.
 {¶ 27} Applying the second prong of the analysis to the underlying case, the Supreme Court of Ohio noted that the trial court "gave careful and substantial deliberation to the relevant statutory considerations," and that "there is nothing in the record to suggest the trial court's decision was unreasonable, arbitrary, or unconscionable." The court therefore affirmed the defendant's sentence. Id. at ¶ 20,
 {¶ 28} In Mr. Darby's case, the record reflects the trial court considered R.C. 2929.11 and 2929.12. The court expressly stated that "in using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I've considered all relevant factors, including the seriousness factors and recidivism factors set forth in Revised Code 2929.12." Furthermore, the sentence is within the permissible statutory range. Therefore, Mr. Darby's sentence is not "clearly and convincingly contrary to law." As the first prong ofKalish is satisfied, the next step is to review the record to determine if the trial court abused its discretion in sentencing him.
 {¶ 29} The record reflects that the trial court gave careful and substantial deliberation to the relevant statutory considerations. Specifically, the court stressed Mr. *Page 9 
Darby's failure to respond to sanctions previously imposed. It noted that in addition to some juvenile charges, Mr. Darby had been convicted of felonious assault in 1996, again for attacking someone with a baseball bat. He was incarcerated until 2001 followed by a year on parole. The court stated: "The fact that you committed exactly the same crime after having been to prison for five years indicated to me that five years would not be enough. The most I can do is max you out." A review of the record therefore does not reflect that the court's decision was unreasonable, arbitrary, or unconscionable in sentencing Mr. Darby. Therefore, its judgment should be affirmed. *Page 1